UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN

**VERSACE ALAN SCOTT**                                                                 **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 1:23-CV-P131-JHM**

**ANTONIO BROWDER et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Versace Alan Scott, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. The amended complaint (DN 15) is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1]

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Logan County Detention Center, sues in their individual and official capacities Antonio Browder, a Logan County Sheriff Department Drug Task Force Deputy, the Logan County Sheriff Department (LCSD) and Drug Task Force, Browder's partner Cody Fox, and Randi Embry, Shawn Embry, and Seth Whittaker, also employees of the LCSD. He alleges that on October 13, 2022, Browder ran him over with the intent to kill him while he was riding his moped after Browder and Fox "with Seth Whittaker and Randi Embry and Shawn Embry took a vote to kill me." Plaintiff continues, "They had other cops help cover it up by arresting me under fake charges on 8-19-2023 until present time where I'm seeking damages for wrongful imprisonment[.]"

As relief, Plaintiff requests compensatory and punitive damages and release from imprisonment.

---

[1] Three other cases brought by Plaintiff were consolidated into this one, and Plaintiff was directed to file an amended complaint which would supersede his other complaints.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims and claims against LCSD/Drug Task Force

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that

Plaintiff's official-capacity claims are actually brought against Logan County, Defendants' employer.

Further, the LCSD and Drug Task Force are not entities that may be sued. Municipal departments are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Logan County that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Logan County is a "person" for purposes of § 1983. *Monell*, 436 U.S. at 690. The Court will therefore construe the claims against the LCSD/Drug Task Force as brought against Logan County.

A municipality such as Logan County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Kentucky v. Graham*, 473 U.S. at 166. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (internal quotation marks and citation omitted). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citation omitted).

Even reading the complaint liberally, the Court finds that Plaintiff has not alleged a Logan County custom or policy of denying him his constitutional rights. Therefore, the official-capacity claims and the claims against the LCSD and Drug Task Force will be dismissed for failure to state a claim upon which relief may be granted.

### B. Release from prison

Release from incarceration is relief that can only be sought through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, the Court will dismiss Plaintiff's claim for immediate release for failure to state a claim upon which relief may be granted.

### C. Remaining claims

On review, the Court will allow to continue Plaintiff's individual-capacity claims related to being run over by Browder after Browder, Fox, Whittaker, and Randi and Shawn Embry took a vote to kill him. In allowing these claims to continue, the Court expresses no opinion on their ultimate merit.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims and his claims against the Logan County Sheriff Department and Drug Task Force and for release from imprisonment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate the Logan County Sheriff Department and Drug Task Force as Defendants.

Date: April 12, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009